Moore and wife vs. Chamberlin.

----

MOORE AND WIFE, PLAINTIFFS IN ERROR, vs. CHAMBERLIN, DEFENDANT IN ERROR.

1. Since the 4th day of July, 1849, the day the new code of practice went into effect, the Law Commissioner of St. Louis has no authority to issue a capias in detinue. Under the new practice, there is no longer any action of detinue, nor any power to issue a capias in such action.

## ERROR to St. Louis Circuit Court.

### STATEMENT OF THE CASE.

This was an action of detinue, instituted before the Law Commissioner of St. Louis county, in August, 1849. Judgment being given against defendant, he appealed to the circuit court, and there moved to dismiss, because the Law Commissioner had not jurisdiction of the action of detinue. The circuit court sustained the motion. This is the only point assigned for error.

A. P. & P. B. GARESCHE, for plaintiffs in error.

1. The Law Commissioner has jurisdiction of the action of detinue, where the damages claimed do not exceed one hundred and fifty dollars. See page 91, Sess. Acts 1846-7, sec. 2 of act supplementary to an act entitled, &c., approved February 11th, 1847.

2. That the so called Wells' Code of Practice, does not repeal the action of detinue, because the action of detinue in Missouri is a statutory remedy. The Code does not apply to any special statutory remedy, not heretofore obtained by action and bill in equity; nor to any existing statu-

Moore and wife vs. Chamberlin.

tory provisions relating to actions not inconsistent with this act, and, in substance, applicable to the actions hereby provided.   See sec. 6, art. 30, new code, page 103, Sess. Acts 1848–9.

3.  The article and section just quoted (sec. 6, art. 30 Wells' Code,) declares that its provisions, except in its 25th article, governing the examination of witnesses has no application to proceedings in actions before justices of the peace, and consequently, we add, not to the Law Commissioner, who is but a justice of the peace.   By reference to the act of 4th February, 1847, sec. 1, page 91, the Law Commissioner is to have concurrent jurisdiction with justices of the peace, in all actions and proceedings mentioned and enumerated in 2nd and 3rd sections of 1st article of the act concerning justices' courts, and subject to the same rules and regulations which apply to and regulate proceedings therein.   The direct conclusion from this article is, that the Law Commissioner is but a justice of the peace, and such is the interpretation given to it by the supreme court in the case of Dufene vs. Washington: Mo. Reports.   In that case the court decided that the Law Commissioner has not cognizance of an action for false imprisonment, because justices of the peace have not.   The case of Lewis vs. Price, 11 Mo. Rep. is in reasonings a still stronger case in point.   A parity of reasoning, which would exclude the Law Commissioner from the jurisdiction of actions for false imprisonment, on the ground that he is a justice of the peace, must protect him in the jurisdiction over the action of detinue, when the law is said, by implication, to repeal the action expressly, that it shall not refer either to proceedings or actions before justices of the peace.   We insist, that the actions of trespass, trespass on the case, trespass vi. et armis, assumpsit and trover yet exist in justices' courts, notwithstanding the new code of practice substitutes but one form of action.   If so, why should not the action of detinue or replevin, when the new code does not apply to actions or proceedings before justices of the peace, nor to any special statutory remedies not heretofore obtained by action or bill in equity?  See section 6, article 30, new code of practice.   This view becomes the more rational when we consider that the circuit court held that the Law Commissioner would not entertain the old action of detinue, but must pursue the new form, for we suggest, that if the question be narrowed down, that he has the jurisdiction, but that it is to be pursued according to the new or the old practice, that clearly then the provisions of section 6, article 30, new code, prove the correctness of the method adopted by plaintiffs in error.

HART, for defendant in error.

1.  At the time of the institution of this suit before the Law Commissioner, the action of detinue had been abolished: Stat. 1839, article 1, practice act, sec. 102.

2.  The Law Commissioner got jurisdiction in the action of detinue concurrent with the circuit court, and when that action was abolished in the practice act, and no exception made as to the Law Commissioner as in cases of justices of the peace, then the Law Commissioner had no further authority to issue a capias in detinue, and his act in so doing was erroneous and bad: Art. 30, sec. 6, acts 1839, practice in courts of justice.

RYLAND, J., delivered the opinion of the court.

The question in this case, is one respecting the jurisdiction of the Law Commissioner in St. Louis, in regard to the action of detinue, and his authority to issue a capias, after the 4th day of July, 1849, the day that the new code of practice went into effect.

The "Act to reform the pleadings and practice in courts of justice in Missouri," borrowed or copied, in a great measure, from the New York code, and which took effect, July 4th, 1849, abolished all distinction

between different actions at law, and all the forms of such actions and suits heretofore existing.

Under this act it is manifest, that there is no longer any action of detinue, nor any power to issue a capias in such action in our circuit courts. The jurisdiction of the action of detinue was given to the Law Commissioner's court of St. Louis concurrently with the circuit court: See statute 1847. Though the practice act, prohibiting its provisions from operating on justices' courts, (except the XXV article,) fails to exempt the proceedings of the Law Commissioner's court from its operation, yet, we are of the opinion that that act also controls, whenever applicable, the proceedings of the Law Commissioner, and has, accordingly abolished the action of detinue before such Law Commissioner, and consequently, that the Law Commissioner had no authority to issue the capias in this action.

We think it was the object of the legislature to extend the provisions of the new code of practice to the Law Commissioner's court, as far as they were applicable to the proceedings of said court.

Under this view of the subject, the circuit court committed no error in dismissing the plaintiff's action. The other judges concurring, its judgment is affirmed.